### W. M. LEE v. THE STATE.

#### No. 1042.   Decided March 22, 1911.

**1.—Local Option—Evidence—Bill of Exceptions.**

Where no bill of exceptions is reserved to the evidence objected to, the same can not be considered on appeal.

**2.—Same—Sufficiency of the Evidence—Conflict of Testimony.**

A verdict of the jury will not be set aside because there is a sharp conflict of testimony between the State and the defense, or because the credibility of some of the State's witnesses had been attacked.

**3.—Same—Newly Discovered Evidence—Want of Diligence.**

Where no attempt was made by the defendant to procure the testimony of the absent witnesses, of whose presence and whereabouts he was advised, there was no error in overruling his motion for new trial on the ground of newly discovered evidence.

**4.—Same—Want of Diligence.**

Where defendant claimed that since the trial he had located one of the absent witnesses who was present at the time of the alleged sale of the whisky,

but showed no diligence in procuring said witness at the trial, there was no error.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*M. W. Shelley, Jr.,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

1. Appellant's motion for new trial recites that the court was requested to set aside the conviction because it committed error in not permitting the defendant to introduce the evidence of John Huff and G. H. Lee for the purpose of impeaching the testimony of the prosecuting witness Payne. There was no bill of exceptions reserved, therefore this matter can not be considered.

2. In the next ground of the motion appellant contends that the verdict is not supported by the law and the evidence, because appellant introduced two creditable witnesses, Huff and Lindsey, who testified that they were acquainted with the general reputation of the prosecuting witness Payne for truth and veracity, and that it was bad. And defendant also proved by reputable witnesses, John Huff and Fayette Sellers, that they knew his (appellant's) general reputation for truth and veracity and a peaceable and law-abiding citizen, and it is good. The evidence was sharply contested on the trial, the State showing that appellant sold the whisky to Payne, and appellant denying this by his testimony. The fact that the witness' testimony is attacked does not make the verdict of the jury unsupported by the evidence. The jury are the judges of the facts, credibility of the witnesses, and weight to be given their testimony.

3. Appellant also alleges error on the part of the trial court in not granting a new trial for newly-discovered evidence, and attaches the affidavit of Antonio Foloa. This affidavit shows that the affiant lived in Abilene about three years, and was present on 'the evening of the 23d of January, 1910, when appellant and three other white men were playing poker in a Mexican cellar on Mesquite street in Abilene. Without setting out the contents of the affidavit, it is apparent therefrom that he was present at and saw the gaming and knew about the whisky transaction. This was not newly-discovered evidence. Appellant and the affiant were both present at the game, and knew the facts, and appellant himself does not swear that it was newly-discovered. This affi-

davit is not brought within the rule in regard to newly-discovered evidence. Appellant says he was not in possession and could not procure the testimony of Foloa at the time of the trial in the County Court, which occurred on April 22d. There was no attempt on the part of appellant, so 'far as this record is concerned, to have the absent witness Foloa present at the trial, although he knew of his presence at the game of cards.

4. He also moves for a new trial on account of the testimony of Kenzie. Appellant signs this affidavit, and states that since the trial of his case he had located the absent witness, who was one of the boys engaged in the poker game, and present at the trial of the alleged sale of whisky. He further states he is now informed that Kenzie is in Fort Worth, and that in the event of a new trial Kenzie would testify that appellant did not sell any whisky to Payne, the alleged purchaser. There was no attempt, so far as this record is concerned, to have Kenzie present. No process is shown to have been issued for him. This is clearly not newly-discovered testimony. The judgment is affirmed.

*Affirmed.*